In the Matter of the Claim of PAUL F. VAR, Appellant. ISADOR LUBIN, as Industrial Commissioner, Respondent.— Appeal by claimant from a decision of the Unemployment Insurance Appeal Board, which affirmed the decision of an unemployment insurance referee affirming an amended initial determination of the Industrial Commissioner disqualifying the claimant for benefits. Claimant was employed for ten months in general wiring and assembly work for a manufacturer of electronic equipment. As part of his work, he was required to clean the inside of machines with carbon tetrachloride. This cleaning consumed about a half day each week. During the week ending January 2, 1954, there was a general layoff at the plant and claimant became unemployed. He received weekly benefit checks under the Unemployment Insurance Law until July 11, 1954, which marked the end of a " benefit year ". Claimant immediately filed a " valid original claim " and continued to receive weekly benefit checks until October, 1954, when a determination was issued disqualifying him for benefits on the ground that he had refused an offer of employment without good cause. The record discloses that claimant was recalled for employment by the manufacturer to do the same work he had previously done at the same rate of pay. He negotiated for higher pay which was denied and then he refused the re-employ-

ment offer. He contended upon the hearing that his health would have been jeopardized had he returned to the job and again used carbon tetrachloride and that such was the reason for his refusal. There is in the record a writing signed by a physician stating that, based upon information furnished him by claimant, he believed the atmosphere would be detrimental to claimant's health. The referee rejected the physician's opinion because it was not based upon an inspection of the premises and it did not appear that any worker's health had been affected. There was no evidence that claimant had been made ill when using the chemical during his previous employment. Thus, there was presented a question of fact whether claimant had refused an offer of employment without good cause. The referee decided the issue adversely to claimant and the appeal board affirmed. The Unemployment Insurance Law provides, " A decision of the appeal board shall be final on all questions of fact ". (Unemployment Insurance Law, § 623 [Labor Law, art. 18].) Since there is evidence in the record to support the decision of the Appeal Board this court has no power to interfere. Decision unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Halpern, Zeller and Gibson, JJ.